**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-01283-NYW-KAS

AIDAN KEANAAINA,

     Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

     Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Defendant National Collegiate Athletic Association's Motion to Dismiss or Transfer Based on Lack of Personal Jurisdiction Pursuant to April 22, 2026 Minute Order (the "Motion" or "Motion to Dismiss"). [Doc. 23]. For the reasons set forth in this Order, the Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiff Aidan Keanaaina ("Plaintiff" or "Mr. Keanaaina") is a sixth-year college student and football player at the University of California, Berkeley. [Doc. 1 at ¶¶ 8, 50–56]. He recently sought a waiver of the NCAA's Five Year Rule, which—subject to some exceptions—generally requires student athletes to complete all seasons of their athletic participation within five calendar years. [*Id.* at ¶¶ 20, 31].[1] The NCAA denied Plaintiff's

---

[1] The 2020 season does not count toward Mr. Keanaaina's playing eligibility because the NCAA administered a blanket waiver for all student athletes due to the COVID-19 pandemic. [Doc. 1 at ¶ 51]. Mr. Keanaaina was redshirted during the 2021 season. [*Id.* at ¶ 52]. In March 2022, Mr. Keanaaina suffered an ACL tear and was out for most of the 2022 season; however, he was put in for a "handful of" plays during a single game that

waiver request on January 14, 2026, and Plaintiff's appeal was denied on February 20, 2026.  [*Id.* at ¶¶ 32–33].

Mr. Keanaaina initiated this lawsuit on March 26, 2026 to "challenge the legality of the Five Year Rule."  [*Id.* at ¶ 25].  He invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331, *see* [*id.* at ¶ 5], and asserts three claims for relief:  (1) a claim alleging a violation of Section 1 of the Sherman Act, [*id.* at ¶¶ 112–16]; (2) a breach of contract claim, [*id.* at ¶¶ 117–24]; and (3) a claim for tortious interference with prospective economic advantage, [*id.* at ¶¶ 125–29].

On April 2, 2026, Plaintiff moved for a temporary restraining order and preliminary injunction enjoining the NCAA from enforcing the Five Year Rule against him.  [Doc. 8 at 2].  This Court ordered the Parties to meet and confer regarding a proposed briefing schedule no later than 14 days after the NCAA had been served.  [Doc. 13].  And because the Court must assure itself of its personal jurisdiction over Defendant before entering injunctive relief, *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001) (before entering a preliminary injunction, the plaintiff must show a "reasonable probability" that it will prevail on the issue of personal jurisdiction on the merits), the Court directed the Parties to "address the Court's personal jurisdiction over Defendant as soon as possible," [Doc. 13].  On April 21, 2026, the Parties requested that the Court set a briefing schedule on an anticipated dispositive motion, *see* [Doc. 21], and the Court set that briefing schedule, *see* [Doc. 22].  Defendant filed its Motion to Dismiss

---

season.  [*Id.* at ¶ 53].  Mr. Keanaaina played in the 2023, 2024, and 2025 seasons.  [*Id.* at ¶¶ 54–56].  Plaintiff seeks an eligibility waiver for the 2022 season.  [*Id.* at ¶ 31].

the same day, arguing that the case should be dismissed or transferred based on a lack of personal jurisdiction.  [Doc. 23].  The Motion is fully briefed.  [Doc. 24; Doc. 25].

## LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district . . . court," and without it, "the court is 'powerless to proceed to an adjudication.'"  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937) (alteration in original)).  The plaintiff bears the burden of demonstrating a court's personal jurisdiction over the defendant, *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007), but the burden "in the preliminary stages of litigation . . . is 'light,'" *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quotation omitted).

When a court decides a Rule 12(b)(2) motion without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  The Court accepts well-pleaded allegations as true "unless they are controverted by sworn statements."  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).  The Court does not take conclusory or speculative allegations as true. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

## ANALYSIS

Plaintiff invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331. *See* [Doc. 1 at ¶ 5].[2]  "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'"  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

Neither Party addresses whether the federal statute central to this case—the Sherman Act—authorizes nationwide services of process.  *See* [Doc. 23; Doc. 24].  Some courts have recognized that the Clayton Act permits nationwide service in antitrust cases, "including those brought under § 1 of the Sherman Act."  *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 557 n.14 (M.D. Pa. 2009); *see also Sonterra Cap. Master Fund, Ltd. v. Barclays Bank PLC*, 366 F. Supp. 3d 516, 563 (S.D.N.Y. 2018) (concluding, based on the Clayton Act, that "[w]ith respect to the federal claims under the Sherman Act, nationwide service of process is permissible" (citing 15 U.S.C. § 22)), *aff'd sub nom. Sonterra Cap. Master Fund, Ltd. v. UBS AG*, 152 F.4th 404 (2d Cir. 2025).  But the Clayton Act only applies to lawsuits against corporate defendants:

> Any suit, action, or proceeding under the antitrust laws *against a corporation* may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

---

[2] Plaintiff's Response cites case law applicable to federal diversity cases.  *See* [Doc. 24 at 2].  However, the Complaint does not invoke jurisdiction under 28 U.S.C. § 1332 or allege complete diversity of citizenship of the Parties.  *See* [Doc. 1 at ¶¶ 5, 8–9].

15 U.S.C. § 22 (emphasis added); *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 848 (11th Cir. 1988). "[T]here is no other appropriate federal service statute or order applicable to individual non-corporate defendants in antitrust litigation." *Delong Equip. Co.*, 840 F.2d at 848; *cf. Courboin v. Scott*, 596 F. App'x 729, 734 (11th Cir. 2014) (ruling, in case involving individual and LLC defendants, that the "Sherman Act does not contain a nationwide service-of-process provision").

Mr. Keanaaina alleges that the NCAA "is an unincorporated association," not a corporation, [Doc. 1 at ¶ 9], so the Clayton Act does not apply. And Plaintiff does not contend that the Sherman Act otherwise authorizes nationwide service of process in this case. *See* [Doc. 24]. Where, as here, a federal statute does not permit nationwide service of process, Rule 4(k)(1)(A) "commands the district court . . . to apply the law of the state in which the district court sits." *Dudnikov*, 514 F.3d at 1070. Colorado's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause," *id.* (citing *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005)), so "if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant," *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quotation omitted). "[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A court may exercise general personal jurisdiction or specific personal jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262

5

(2017).  General jurisdiction exists if the out-of-state defendant's affiliations with the forum state are "so continuous and systematic" that it is "essentially at home" in the state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), and it permits a court to exercise personal jurisdiction over the defendant for all purposes, *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).  Specific jurisdiction, meanwhile, exists only if the lawsuit arises out of or relates to the defendant's contacts with the forum.  *Bristol-Myers Squibb*, 582 U.S. at 262.  In other words, "specific jurisdiction is proper if there is 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (quoting *Bristol-Myers Squibb*, 582 U.S. at 262).

Here, Defendant argues that Plaintiff cannot establish that this Court has general or specific personal jurisdiction over the NCAA, focusing primarily on specific jurisdiction. *See* [Doc. 23 at 4–6 & n.3].  Mr. Keanaaina responds by generally arguing that personal jurisdiction exists based on the NCAA's "minimum contacts" with Colorado, without specifying whether he believes the Court has general or specific jurisdiction over the NCAA or addressing the standards applicable under either theory.  *See* [Doc. 24].  In fact, *none* of his case-specific arguments are supported by citations to legal authority.  [*Id.* at 3–5].  Respectfully, Plaintiff's various arguments ignore the most basic principles of personal jurisdiction jurisprudence.

For instance, in his "minimum contacts" argument, Plaintiff focuses on the NCAA's generalized presence in Colorado through its member schools:

> Clearly, the decades long relationship between the NCAA and the State of
> Colorado and the numerous NCAA member schools and the thousands of

6

> athletes who participate in NCAA authorized athletic activities within the state supports the finding of the NCAA's minimum contacts with Colorado and to justify and support the Court's assertion of proper jurisdiction over this matter.
>
> . . .
>
> There are five (5) primary NCAA Division I schools in Colorado, offering various sports in multiple recognized NCAA conferences. These schools include the University of Colorado-Boulder, Colorado State University, the Air Force Academy, the University of Denver (recently crowned NCAA Division I hockey champion), and the University of Northern Colorado.  In addition, the NCAA also has regulatory authority over numerous Division II members within the state including Adams State, Colorado Christian, Colorado Mesa, Colorado School of Mines, CSU Pueblo, Fort Lewis, Metropolitan State University of Denver, Regis University and the University of Colorado, Colorado Springs and one NCAA Division III member school, Colorado College.  While implementing its bylaws and eligibility requirements over all of these Colorado-based NCAA educational institutions, and having governed all aspects of [Plaintiff's] collegiate athletic career, including the medical issues relating to his devastating knee injury as well as providing the only non-judicial forum for [Plaintiff] to seek an appropriate waiver to secure his final year of eligibility, the NCAA has purposely and continuously availed itself of the laws and jurisdiction within the state of Colorado and to this federal judicial forum.

[*Id.* at 3–4].  The Court construes this as an argument that the Court has general personal jurisdiction over the NCAA, given its focus on the NCAA's affiliations with Colorado generally (as opposed to case-specific contacts).  But taken to its logical conclusion, Plaintiff's position—if accepted—would render the NCAA subject to the general personal jurisdiction of *every single state in the country*.  Plaintiff appears to concede this point. *See* [*id.* at 4 ("[J]urisdiction in *any* action filed by a student-athlete attending *any* NCAA member institution who has been a permanent and lifelong resident of the state of Colorado is proper." (emphasis added))].  This stretches the bounds of general personal jurisdiction well beyond its limits.

Indeed, the Supreme Court has plainly rejected this sort of wide-reaching theory of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (declining to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" (quotation omitted)). For purposes of general jurisdiction, the Court's inquiry is not whether an out-of-state defendant's "in-forum contacts can be said to be in some sense 'continuous and systematic,'" but whether the defendant's affiliations with the forum are so continuous and systematic so "as to render it essentially *at home* in the forum State." *Id.* at 139 (quotation omitted and emphasis added).[3] "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," and those affiliations must be "*unique.*" *Id.* at 137 (emphasis added). The NCAA's affiliations with the State of Colorado are anything but.[4]

"[G]eneral jurisdiction is not meant to provide *many* districts with jurisdiction over the same defendant. If general jurisdiction in one forum would subject the defendant to

---

[3] Courts routinely conclude that *Daimler*'s "at home" test applies to non-corporate entities, as well. *See, e.g.*, *Stacker v. Intellisource, LLC*, No. 20-cv-02581-JWB, 2021 WL 2646444, at *3 (D. Kan. June 28, 2021) ("Although not specifically addressed by *Daimler*, courts have applied the at-home test to unincorporated entities." (citing *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 337 n.10 (5th Cir. 2020)); *In re Nat'l Hockey League Players' Concussion Inj. Litig.*, No. 16-cv-02683-SRN-JSM, 2019 WL 5088516, at *3 (D. Minn. Oct. 10, 2019) (recognizing that this standard "has been applied by other courts to unincorporated associations, like the NHL"); *see also Benedict v. Manfred*, No. 23-cv-01563-DDD-KAS, 2024 WL 6907070, at *5 (D. Colo. May 20, 2024) ("Though unincorporated associations are in many ways distinct from corporations, they are not so different that subjecting them to suit anywhere they have members, a far lower bar than substantial, continuous and systematic courses of business, would not run afoul of [the principles underlying *Daimler*].").

[4] In his Complaint, Plaintiff alleges that the NCAA "includes over 1,100 member institutions." [Doc. 1 at ¶ 9]. According to Plaintiff, 15 of those schools are located in Colorado. [Doc. 24 at 4]. The Court is skeptical that the NCAA is *uniquely* at home in Colorado due to the fact that 1.3% of its member institutions are located in this state.

jurisdiction in many other forums, the exercise of such jurisdiction is likely improper." *Aldrich v. NCAA*, 484 F. Supp. 3d 779, 791 (N.D. Cal. 2020).  Plaintiff has not established that, based on the NCAA's generalized contacts with the State of Colorado, the NCAA is at home in, and subject to the general jurisdiction of, this state.  *See id.* at 792–93 (finding no general jurisdiction over the NCAA in California based on 58 California-based NCAA members); *Doe 1 v. NCAA*, No. 22-cv-01559-LB, 2023 WL 105096, at *9 (N.D. Cal. Jan. 4, 2023) (same); *cf. Page v. Democratic Nat'l Comm.*, No. 18-cv-01019-HE, 2019 WL 404986, at *2 (W.D. Okla. Jan. 31, 2019) (contacts between Oklahoma and the Democratic National Committee—a "national organization with local affiliates throughout the United States"—did not establish general jurisdiction, as the DNC "[could not] be 'at home' in every state").

If Plaintiff believes that the Court has *specific* personal jurisdiction over the NCAA, his Response fails to identify any allegations in his Complaint supporting that position. "The minimum contacts test for specific personal jurisdiction has two requirements:  (1) a defendant must have 'purposefully directed its activities at residents of the forum state,' and (2) the plaintiff's injuries must arise out of the defendant's forum-related activities." *Dental Dynamics*, 946 F.3d at 1229 (footnote omitted) (quoting *Old Republic*, 877 F.3d at 904).  There are "several frameworks for testing whether a defendant has purposefully directed its activities at the forum state," *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1309 (10th Cir. 2024), but Plaintiff addresses none of them, [Doc. 24].

Instead, Mr. Keanaaina simply argues that "the subject unreasonable denial of [his] medical waiver request . . . occurred while [he] was a resident of Colorado."  [*Id.* at 5]. "But the plaintiff cannot be the only link between the defendant and the forum."  *Walden*

*v. Fiore*, 571 U.S. 277, 285 (2014).  The "minimum contacts" analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id.*  "[I]t is *the defendant's conduct* that must form *the necessary connection with the forum State* that is the basis for its jurisdiction over [the defendant]." *Id.* (emphasis added).  As Defendant points out, there are no allegations in the Complaint detailing any *case-specific* contacts that Defendant had with *Colorado itself*, *see* [Doc. 23 at 5–6], and Mr. Keanaaina does not meaningfully challenge this assertion, *see* [Doc. 24 at 2 (arguing that "[t]he NCAA's assertion that it has no case-related contacts within the State of Colorado is simply wrong and completely ignores the facts of this case," but identifying only general (i.e., non-case-specific) allegations about the NCAA's Colorado contacts)].[5]

Mr. Keanaaina also emphasizes his own contacts with Colorado, arguing that as "a lifelong resident of the state of Colorado," he "is clearly entitled to bring his action within his home state." [*Id.* at 3].  And Mr. Keanaaina's assertion that Brighton, Colorado is still his "official residence," [*id.*], begs the question.  These arguments turn personal jurisdiction principles on their head.  The limitations imposed on a court's personal jurisdiction are in place to protect a defendant's due process rights, not to provide the plaintiff with a guaranteed place to litigate.  A plaintiff's contacts with the forum state cannot "drive the jurisdictional analysis," *Walden*, 571 U.S. at 289, and it is *Defendant's* contacts with the forum that matter, *see id.* at 286 ("Due process requires that a defendant

---

[5] Notably, Plaintiff does not even allege that any of the events giving rise to this lawsuit took place while he was physically present in Colorado.  *See* [Doc. 1].  He does not allege, for example, that the NCAA sent communications to him in Colorado, that the NCAA's waiver decision was made by Colorado-based decisionmakers, or that the waiver denial affects his ability to play football at a Colorado school.  [*Id.*].

be haled into court in a forum State based on his own affiliation with the State.");
*Dudnikov*, 514 F.3d at 1070 ("[T]o exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" (quoting *Int'l Shoe*, 326 U.S. at 316)).  Plaintiff's residency in Colorado does not give this Court personal jurisdiction over the NCAA.  *See Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014) (finding the plaintiff's "reliance on its own [forum] connections . . . misguided" and finding the plaintiff's "strong connections to the forum state" were insufficient to establish personal jurisdiction over the defendant).

Mr. Keanaaina has not met his burden to allege facts creating a reasonable probability that this Court has personal jurisdiction over the NCAA, and for this reason, his lawsuit is not properly in this Court.  Dismissal without prejudice is therefore appropriate.[6]

---

[6] The NCAA asks the Court to either dismiss this case for lack of personal jurisdiction or "transfer this action to the U.S. District Court for the Southern District of Indiana—the venue where the NCAA is headquartered."  [Doc. 23 at 6].  Plaintiff does not respond to or take a position on the transfer request.  *See* [Doc. 24].  Under 28 U.S.C. § 1631, a court lacking personal jurisdiction "shall, if it is in the interest of justice, transfer [the] action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed."  Although the statute contains the word "shall," the Tenth Circuit "ha[s] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion . . . to [either] transfer an action or instead to dismiss the action without prejudice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).  Because neither Party makes arguments about the propriety of transfer, the Court declines to undertake a sua sponte analysis as to whether transfer is appropriate.  Should Plaintiff choose to re-file this lawsuit, he may select the forum that he believes is jurisdictionally proper.

## CONCLUSION

For the reasons explained above, it is **ORDERED** that:

(1)    Defendant National Collegiate Athletic Association's Motion to Dismiss or
Transfer Based on Lack of Personal Jurisdiction Pursuant to April 22, 2026
Minute Order [Doc. 23] is **GRANTED**;

(2)    This case is **DISMISSED without prejudice** for lack of personal jurisdiction;

(3)    Defendant is awarded its costs under D.C.COLO.LCivR 54.1; and

(4)    The Clerk of Court shall enter judgment in favor of Defendant and close this
case.

DATED:  May 4, 2026                                      BY THE COURT:

_____
Nina Y. Wang
United States District Judge

12